UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROLEX WATCH U.S.A., INC.<br>665 Fifth Avenue<br>New York, New York 10022,<br><br>                Plaintiff,<br><br>vs.<br><br>VARIOUS JOHN DOES NOS. 1-300,<br>and XYZ COMPANIES NOS. 1-20,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)  Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, through its undersigned attorneys, complaining of defendants, alleges as follows:

### COUNT I

### Jurisdiction and Venue

1.      This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., particularly under 15 U.S.C. § 1114(1), and is for the infringement and counterfeiting of trademarks registered in the United States Patent and Trademark Office by plaintiff.  This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### The Parties

2.      Plaintiff Rolex Watch U.S.A., Inc. (hereinafter referred to as "Rolex") is a corporation duly organized and existing under the laws of the state of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York 10022.

3.      Upon information and belief, defendants Various John Does and XYZ Companies ("defendants"), are present and doing business in the District of Columbia.  Defendants are

transacting and doing business in this Judicial District and have committed the acts complained of

herein in this Judicial District.  Defendants are subject to the jurisdiction of this Court pursuant to

the laws of this District and Rule 4 of the Federal Rules of Civil Procedure.

Plaintiff Rolex's World Famous Trademarks

4.     Plaintiff Rolex owns the trademarks and trade names ROLEX, PRESIDENT and

the Crown Device, on and in connection with watches, watch bracelets and related products

(hereinafter collectively referred to as the "Rolex Trademarks").  Plaintiff Rolex is the exclusive

distributor in the United States of Rolex watches, all of which bear one or more of the Rolex

Trademarks (hereinafter the "Rolex Watches").

5.     Plaintiff Rolex is responsible for assembling, finishing, marketing and selling in

interstate commerce high quality watches, watch bracelets and related products for men and women.

Plaintiff Rolex has acquired an outstanding reputation because of the uniform high quality of Rolex

Watches.  As a result of the extensive advertising of Rolex Watches in connection with the Rolex

Trademarks, the widespread sale of Rolex Watches and the celebrity that Rolex Watches and the

Rolex Trademarks have achieved, Rolex Watches, all bearing one or more of the Rolex Trademarks

have been and are now recognized by the public and the trade as originating from a single source,

plaintiff Rolex.

6.     Commencing at least as early as 1912, plaintiff Rolex adopted one or more of the

Rolex Trademarks for watches, watch bracelets and related products and caused said trademarks to

be registered in the United States Patent and Trademark Office.  At present, Rolex's U.S. Trademark

Registrations include:  Registration No. 101,819 of January 12, 1915 for the ROLEX trademark for

watches, watch bracelets and related products; Registration No. 520,309 of January 24, 1950 for the

PRESIDENT trademark for watches, watch bracelets and related products; Registration No.

657,756 of January 28, 1958 for the CROWN DEVICE trademark for watches, watch bracelets and

related products; Registration No. 674,177 of February 17, 1959 for the DATEJUST trademark for watches, watch bracelets and related products; Registration No. 683,249 of August 11, 1959 for the GMT-MASTER Trademark for watches, watch bracelets and related products; Registration No. 831,652 of July 4, 1967 for the DAYDATE trademark for watches, watch bracelets and related products; Registration No. 860,527 of November 19, 1968 for the SEA DWELLER trademark for watches, watch bracelets and related products; Registration No. 394,881 of May 5, 1942 for the OYSTER PERPETUAL trademark for watches, watch bracelets and related products; Registration No. 1,105,602 of November 7, 1978 for the OYSTER PERPETUAL trademark for watches, watch bracelets and related products; Registration No. 1,124,009 of August 14, 1979 for the OYSTER QUARTZ trademark for watches, watch bracelets and related products; Registration No. 239,383 of March 6, 1928 for the OYSTER trademark for watches, watch bracelets and related products; Registration No. 661,372 of May 6, 1958 for the TUDOR trademark for watches, watch bracelets and related products; Registration No. 1,404,838 of August 12, 1986 for the TUDOR GENEVE LE ROYER for watches, watch bracelets and related products (collectively the "Rolex Registrations"). Photocopies of the Rolex Registrations are attached hereto as Exhibit A.

7.    The Rolex Registrations are in full force and effect; and the trademarks thereof and the goodwill of the business of plaintiff Rolex in connection with which the trademarks are used have never been abandoned.  Plaintiff Rolex intends to continue to preserve and maintain its rights with respect to the Rolex Trademarks and in the Rolex Registrations.

8.    Rolex Watches, bearing one or more of the Rolex Trademarks, by reason of their style, distinctive designs and quality have come to be known by the purchasing public throughout the United States as watches of the highest quality.  As a result thereof, the Rolex trademarks and the goodwill associated therewith are of inestimable value to plaintiff Rolex.

9.      Based on plaintiff Rolex's extensive sales of Rolex Watches and the wide popularity of Rolex Watches, the Rolex Trademarks have developed a secondary meaning and significance in the minds of the purchasing public and products bearing such marks and names are immediately identified by the purchasing public with plaintiff Rolex.

<u>Defendants' Infringing Activities</u>

10.     Long after plaintiff's adoption and use of its trademarks on watches and other goods, and long after plaintiff's federal registration of its trademarks, defendants, on information and belief, commenced the manufacture, distribution, and sale of watches bearing counterfeits and infringements of plaintiff's trademarks as those trademarks appear on plaintiff's watches and as shown in the U.S. Trademark Registrations at Complaint Exhibit A.

11.     On information and belief, the activities of defendants complained of herein constitute willful and intentional infringement of plaintiff's registered trademarks; are in total disregard of plaintiff's rights and were commenced and have continued in spite of defendants' knowledge that the use of any of the trademarks of plaintiff's or a copy or a colorable imitation thereof, was and is in direct contravention of plaintiff's rights.

12.     The use by defendants of a copy of the trademarks of the plaintiff has been without the consent of plaintiff, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that the goods sold by defendants are authorized, sponsored, or approved by plaintiff when, in fact, they are not.

13.     Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damages as a result of the acts of defendants as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty Five Thousand Dollars ($25,000).

COUNT II

Jurisdiction and Venue

14.       This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. §

1051, et seq., particularly under 15 U.S.C. § 1125(a) and alleges the use in commerce of false

designations of origin and false descriptions and representations.  This Court has jurisdiction over

the subject matter of this claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338.  Venue is proper

in this judicial district pursuant to 28 U.S.C. § 1391.

15.       Plaintiff incorporates all prior allegations.

16.       Defendants have affixed, applied, or used in connection with their sale of goods,

false designations of origin and false descriptions and representations, including words or other

symbols which tend falsely to describe or represent such goods and have caused such goods to enter

into commerce with full knowledge of the falsity of such designations of origin and such

descriptions and representations, all to the detriment of plaintiff.  In particular, the sale by

defendants of goods incorporating counterfeits of plaintiff's trademarks constitutes false

descriptions and representations tending falsely to describe or represent goods sold by defendants.

17.       Upon information and belief, defendants have sold watches bearing counterfeit

copies of the trademarks of the plaintiff with the express intent to cause confusion and mistake, to

deceive and mislead the purchasing public, to trade upon the reputation of the plaintiff and to

improperly appropriate the valuable trademark rights of plaintiff.

18.       Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage

as a result of the acts of defendants complained of herein in an amount thus far not determined, but

believed to be in excess of Twenty Five Thousand Dollars ($25,000).

COUNT III

Jurisdiction and Venue

19.     This claim arises under the common law of the District of Columbia relating to trademark infringement and unfair competition.  This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under the doctrine of supplemental jurisdiction.

20.     Plaintiff incorporates all prior allegations.

21.     As more fully set forth above, the trademarks of the plaintiff have come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with the plaintiff.  The purchasing public is likely to attribute to the plaintiff the use by defendants of copies of the plaintiff's trademarks as a source of origin, authorization and/or sponsorship for defendants' products and, therefore, to buy defendants' products in that erroneous belief.

22.     On information and belief, defendants have intentionally appropriated the trademarks of the plaintiff with the intent of causing confusion, mistake, and deception as to the source of their goods, and with the intent to palm off their goods as those of the plaintiff and to place others in the position to palm off their goods as those of the plaintiff and, as such, defendants have committed trademark infringement and unfair competition under the common law.

23.     Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty Five Thousand Dollars ($25,000).

WHEREFORE, plaintiff demands:

I.    That a preliminary and permanent injunction be issued enjoining defendants and their agents, servants, employees, and attorneys and those persons in active concert or participation with them:

A.    From using any of the trademarks of plaintiff or any mark similar thereto in connection with the sale of any unauthorized goods or the rendering of any unauthorized services;

B.    From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of defendants or of third parties are sponsored by, authorized by, or in any way associated with plaintiff;

C.    From infringing the plaintiff's registered trademarks;

D.    From otherwise unfairly competing with the plaintiff;

E.    From falsely representing themselves as being connected with the plaintiff or sponsored by or associated with the plaintiff or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that defendants, or any one of them, are associated with the plaintiff;

F.    rom using any reproduction, counterfeit, copy, or colorable imitation of the trademarks of plaintiff in connection with the publicity, promotion, sale, or advertising of goods sold by defendants including, without limitation, watches and related articles bearing a copy or colorable imitation of any of the plaintiff's trademarks; and,

G.    rom affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation including words or other symbols

tending to falsely describe or represent such goods as being those of the plaintiff's and from offering such goods in commerce.

II.    That defendants be required to account to plaintiff for all profits and damages resulting from defendants' respective infringing activities and that the award to plaintiff be increased as provided for under 15 U.S.C. § 1117.

III.    That plaintiff has a recovery from defendants of the costs of this action and plaintiff's reasonable counsel fees.

IV.    That plaintiff have all other and further relief as this Court may deem just and proper under the circumstances.

Dated:   February 2, 2007

Respectfully submitted,

/s/ Stephen R. Smith
Stephen R. Smith
D.C. Bar No. 453719
Ivan J. Snyder
D.C. Bar No. 498461
POWELL GOLDSTEIN LLP
901 New York Avenue, N.W.
Third Floor
Washington, D.C. 20001
202-347-0066
202-624-7222 (Facsimile)

ATTORNEYS FOR PLAINTIFF
ROLEX WATCH U.S.A., INC.

OF COUNSEL:
Brian W. Brokate, Esquire
Angelo E. P. Mazza, Esquire
GIBNEY, ANTHONY & FLAHERTY
665 Fifth Avenue
New York, New York
212-688-5151
212-688-8315 (Facsimile)
::ODMA\PCDOCS\WSH\412969\1

PUBLISHED

Sec. 12 (c) 1946 Act
APR 19

SECOND RENEWAL
MANUFACTURE OF ROLEX WATCHES
Aegler Limited
Bienne, Switzerland

AFFIDAVIT SEC. 8
ACCEPTED

AFFIDAVIT SEC. 15
RECEIVED 2-9-61

# UNITED STATES PATENT OFFICE.

AEGLER S. A., OF BIENNE, SWITZERLAND

TRADE-MARK FOR WATCHES, CLOCKS, PARTS OF WATCHES AND CLOCKS, AND THEIR CASES.

101,819.

Registered Jan. 12, 1915.

Application filed June 4, 1914. Serial No. 79,563.

## STATEMENT.

To all whom it may concern:

Be it known that Aegler S. A., a company registered in Switzerland under Swiss law, and located in Bienne, Switzerland, doing business at Rebberg Works, Rebberg 85 and 87, Bienne, Switzerland, has adopted and used the trade-mark shown in the accompanying drawing, for watches, clocks, parts of watches and clocks, and their cases, in Class 27, Horological instruments.

The trade mark has been continuously used in the business of the said company since the year 1912.

The trade mark is applied or affixed to the goods or to the packages containing same by placing thereon a printed label on which the trade mark is shown; it is also stamped directly on the goods.

AEGLER S. A.
HERMAN AEGLER
Director.

## ROLEX

## DECLARATION.

Confederation of Switzerland, Canton and city of Berne ss.

Herman Aegler, being duly sworn deposes and says that he is the director of the company, the applicant named in the foregoing statement; that he believes the foregoing statement is true; that he believes the said company is the owner of the trade mark sought to be registered; that no other person, firm, corporation or association, to the best of his knowledge and belief, has the right to use said trade mark in the United States, either in the identical form or in any such near resemblance thereto as

might be calculated to deceive; (that said trade mark has been registered in Switzerland on the 7th October 1913 No. 34641); that the description and drawing presented truly represent the trade mark sought to be registered; and that the facsimiles show the trade mark as actually used upon the goods.

HERMAN AEGLER

Subscribed and sworn to before me this 30th day of May, 1914.
(L.S.)        GEO. HEDROD,
Consul of the United States of America at Berne, Switzerland.

Copies of this trade-mark may be obtained for five cents each, by addressing the "Commissioner of Patents, Washington, D. C."

— COMPLAINT EXHIBIT 1A —

Registered Jan. 24, 1950

Registration No. 520,309

Int. Cl.

AFFIDAVIT SEC. 8
ACCEPTED

PRINCIPAL REGISTER
Trade-Mark

RENEWED

*[handwritten signature]*

Renewed for 20 years from    Jan. 24, 1970

# UNITED STATES PATENT OFFICE

Bulova Watch Company, Inc., New York, N.Y.

Act of 1946

Application February 19, 1948, Serial No. 575,389

# President

*(Statement)*

Bulova Watch Company, Inc., a corporation duly organized under the laws of the State of New York, located and doing business at No. 630 Fifth Avenue, in the city of New York, State of New York, United States of America, has adopted and is using the trade-mark shown in the accompanying drawing, for WRISTBANDS AND BRACELETS FOR WATCHES MADE WHOLLY OR IN PART OR PLATED WITH PRECIOUS METALS, SOLD SEPARATELY FROM WATCHES, in Class 28, Jewelry and precious-metal ware, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the labels affixed to the goods, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the Act of July 5, 1946.

The trade-mark was first used on January 5, 1948, and first used in commerce among the several States of the United States which may lawfully be regulated by Congress on January 5, 1948.

Applicant is the owner of United States Trade-Mark Registration No. 351,196, registered January 25, 1937, renewed.

*(Declaration)*

Harry D. Henshel, being duly sworn, deposes and says that he is the vice president of Bulova Watch Company, Inc., the applicant named in the foregoing statement; that he believes that said corporation is the owner of the trade-mark which is in use in commerce among the several States of the United States, and that no other person, firm, corporation or association, to the best of his knowledge and belief, has the right to use said trade-mark in commerce which may lawfully be regulated by Congress either in the identical form thereof or in such near resemblance thereto as might be calculated to deceive, that the drawing and description truly represent the trade-mark sought to be registered, that the specimens show the trade-mark as actually used in connection with the goods, and that the facts set forth in the statement are true.

BULOVA WATCH COMPANY, INC.,
By HARRY D. HENSHEL,
Vice President.

CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION
WHICH IS IN FULL FORCE AND EFFECT, WITH NOTATIONS
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE. SAID RECORDS SHOW TITLE TO BE IN: Rolex Watch, U.S.A., Inc.

Attest

JUL 7 1983

*[signatures]*

# United States Patent Office

657,75␣

Registered Jan. 28, 19␣

AFFIDAVIT SEC. 8
ACCEPTED

## PRINCIPAL REGISTER
### Trademark

AFFIDAVIT SEC. 15
RECEIVED 5-11-␣

Ser. No. 27,342, filed Apr. 2, 1957



Montres Rolex S. A. (Rolex Uhren AG.), (Rolex Watch
Co. Ltd.), (Swiss corporation)
18, rue de Marché
Geneva, Switzerland

For TIMEPIECES OF ALL KINDS AND PARTS
THEREOF, in CLASS 27.
First use Jan. 15, 1944; in commerce June 1, 1944.

Renewed for 20 years from   Jan. 28, 1978



CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION
WHICH IS IN FULL FORCE AND EFFECT, WITH NOTATION
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS DIS-
CLOSED BY THE RECORDS OF THE UNITED STATES PATE␣
AND TRADEMARK OFFICE.   SAID RECORDS SHOW TITLE
TO BE IN:  Rolex Watch, U.S.A., Inc.

JUL 7  1988
S. M. Clendon

COMMISSIONER OF PATENTS
AND TRADEMA␣␣␣

COMPLAINT EXHIBIT 1C

SENT BY:Sidney Anthony P. Brent

# United States Patent Office

674,17

Registered Feb. 17, 195

AFFIDAVIT SEC. 8
ACCEPTED

## PRINCIPAL REGISTER
Trademark

AFFIDAVIT SEC. 15
RECEIVED

Ser. No. 53,625, filed June 12, 1956

## DATEJUST

Montres Rolex S. A. (Rolex Uhren Ag.) (Rolex Watch
Co. Ltd.), (Swss corporation)
rue du Marche
Geneva 18, Switzerland

For: TIME-PIECES AND PARTS THEREOF, in
CLASS 27.
First use in 1953. Commerce in 1953.

Renewed for 20 years from Feb. 17, 1979



CERTIFIED TO BE A TRUE COPY OF THE REGISTRATI
WHICH IS IN FULL FORCE AND EFFECT, WITH NOTIS
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS D:
CLOSED BY THE RECORDS OF THE UNITED STATES PA
AND TRADEMARK OFFICE.   SAID RECORDS SHOW TI
TO BE IN: Rolex Watch, U.S.A., Inc.,
NY corp.

MAR 20 1986

COMPLAINT EXHIBIT 1D

COMMISSIONER OF PATENTS

# United States Patent Office

683,2

Registered Aug. 11, 19

| AFFIDAVIT SEC. 8 ACCEPTED | PRINCIPAL REGISTER Trademark | AFFIDAVIT SEC. 15 RECEIVED |

Ser. No. 43,731, filed Dec. 5, 1958

## GMT-MASTER

Montres Rolex S.A. (Swiss corporation)
18, Rue du Marche
Geneva, Switzerland

For: WATCHES, in CLASS 27.
First use on or about Apr. 21, 1955; in commerce
or about Sept. 15, 1956.

Renewed for 20 years from Aug. 11, 1979

CERTIFIED TO BE A TRUE COPY OF THE REGISTRAT
WHICH IS IN FULL FORCE AND EFFECT, WITH NOTA:
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS D
CLOSED BY THE RECORDS OF THE UNITED STATES P.
AND TRADEMARK OFFICE.   SAID RECORDS SHOW TI
TO BE THE Rolex Watch, U.S.A., a NY
corp.

MAR 29 1998

Attesting Officer

COMMISSIONER OF PATENTS
AND TRADEMARKS

COMPLAINT EXHIBIT 1E

# United States Patent Office

831,65
Registered July 4, 196

## SUPPLEMENTAL REGISTER
### Trademark

Ser. No. 229,531, filed Sept. 15, 1965

## DAY-DATE

Montres Rolex S.A. (Swiss corporation)
15 Rue du Marché
Geneva, Switzerland

For: WRIST WATCHES, in CLASS 27.
First use July 19, 1956; in commerce 19, 1956.

C. R. FOWLER, Examiner.

Renewed for 20 years from July 4, 1987



CERTIFIED TO BE A TRUE COPY OF THE REGISTRAT
WHICH IS IN FULL FORCE AND EFFECT, WITH NOTA
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS I
CLOSED BY THE RECORDS OF THE UNITED STATES P
AND TRADEMARK OFFICE.    SAID RECORDS SHOW TI
TO BE IN: Rolex Watch, U.S.A., Inc.
a NY corp.

Attest

Attesting Officer

COMMISSIONER OF PATENTS
AND TRADEMARKS

COMPLAINT EXHIBIT 1F

# United States Patent Office

860,52

Registered Nov. 19, 196

PRINCIPAL REGISTER
Trademark

AFFIDAVIT SEC. ⌐
ACCEPTED

Ser. No. 289,967, filed Jun. 30, 1968

## SEA-DWELLER

Montres Rolex S.A. (Swiss corporation)
3, rue Francois Dussaud
1211 Geneva 24, Switzerland

For: WATCHES AND CLOCKS, AND PART
THEREOF, in CLASS 27 (INT. CL. 14).
First use June 9, 1967; in commerce June 9, 1967
Owner of Swiss Reg. No. 215,610, dated Jan. 31, 1968

REGISTERED FOR A TERM OF 20 YEARS FROM Nov. 19, 1968



CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION
WHICH IS IN FULL FORCE AND EFFECT, WITH NOTATION
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS D
CLOSED BY THE RECORDS OF THE UNITED STATES P
AND TRADEMARK OFFICE.    SAID RECORDS SHOW TI
TO BE IN: Rolex Watch, U.S.A., Inc.
a NY corp.

Attesting Officer

COMMISSIONER OF PATENTS
AND TRADEMARKS

— COMPLAINT EXHIBIT 1G —

# United States Patent Office

661,372

Registered May 6, 1968

| | | |
|---|---|---|
| **AFFIDAVIT SEC. 8** **ACCEPTED** | **PRINCIPAL REGISTER** Trademark | **AFFIDAVIT SEC. 15** **RECEIVED** |

Ser. No. 38,543, filed Apr. 14, 1957

## TUDOR

Montres Tudor S. A. (Tudor Watch Co. Ltd.), (Swiss corporation)
18, Rue de Marche
Geneva, Switzerland

For: TIMEPIECES AND PARTS THEREOF, in CLASS 27.
First use Feb. 25, 1936; in commerce November 1944.
Owner of Reg. Nos. 461,804 and 642,334.

Reserved for 20 years from    May 6, 1978

CERTIFIED TO BE A TRUE COPY OF THE REGISTRATI
WHICH IS IN FULL FORCE AND EFFECT, WITH NOTAT
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS D
CLOSED BY THE RECORDS OF THE UNITED STATES PA
AND TRADEMARK OFFICE.    SAID RECORDS SHOW TI
TO BE IN Rolex Watch, U.S.A., Inc.,
a NY corp.

MAR 0 9 1988

COMMISSIONER OF PATENTS
AND TRADEMARKS

COMPLAINT EXHIBIT 1 H

Registered Mi 3, 1942

.rade-Mark 394,881

## PUBLISHED
Under Sec. 12 (c) 1946 Act

## RENEWED
APR 7 . 1959

AFFIDAVIT SEC. 8
ACCEPTED

AFFIDAVIT SEC. 15
RECEIVED

# UNITED STATES PATENT OFFICE

Montres Rolex S. A. (Rolex Uhren A. G.) (Rolex
Watch Co. Ltd.), Geneva, Switzerland

Act of February 20, 1905

Application February 26, 1941, Serial No. 440,848

## OYSTER PERPETUAL

## STATEMENT

To the Commissioner of Patents:

Montres Rolex S. A. (Rolex Uhren A. G.) (Rolex Watch Co. Ltd.), a corporation duly organized under the laws of Switzerland and domiciled in Geneva, Canton of Geneva, Switzerland, and doing business at 18 Rue du Marché, Geneva, Switzerland, has adopted and used the trade-mark shown in the accompanying drawing, for WATCHES AND PARTS THEREOF, in Class 27, Horological Instruments, and presents herewith five specimens showing the trade-mark as actually used by applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with the act of February 20, 1905. The word "Perpetual" is hereby disclaimed apart from the mark as shown. The trade-mark has been continuously used and applied to said goods in applicant's business since February 23, 1936. The trade-mark is applied or affixed to the goods, or to the packages containing the same, by engraving, stamping or by placing thereon a printed label on which the mark is shown or by embossing or otherwise impressing the same upon boxes or other receptacles containing the goods.

Said trade-mark has been registered in Switzerland, No. 94,913, dated January 18, 1939, on an application filed January 18, 1939, and William Webster Downing, whose postal address is National Press Building, Washington, D. C., is designated, on whom process or notice of proceedings affecting the right to ownership of said trade-mark brought under the laws of the United States may be served.

The undersigned hereby appoints Eustace S. Glascock, Wm. Webster Downing and Charles P Seebold, constituting the firm of Glascock, Downing & Seebold (whose register number is 13,821, National Press Building, Washington, D. C. attorneys, to prosecute this application for registration, with full powers of substitution and revocation, and to make alterations and amendments therein, to receive the certificate, and to transact all business in the Patent Office connected therewith.

MONTRES ROLEX S. A.
(ROLEX UHREN A. G.)
(ROLEX WATCH CO. LTD)
HANS WILSDORF.

Director.

Renewed for 2nd time for 20 years from May 5, 1982

MAR 09 1989

CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION WHICH IS IN FULL FORCE AND EFFECT, WITH NOTATION OF ALL STATUTORY ACTIONS TAKEN THEREON, AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE. SAID RECORDS SHOW TITLE TO BE IN: Rolex Watch, U.S.A. a NY corp.

COMMISSIONER OF PATENTS
AND TRADEMARKS

COMPLAINT EXHIBIT 11

Int. Cl.: 14

Prior U.S. Cl.: 27

United States Patent and Trademark Office

Reg. No. 1,105,602
Registered Nov. 7, 1978

## TRADEMARK
### Principal Register

## OYSTER PERPETUAL

Montres Rolex S.A. (Swiss corporation)
3, Rue François Dussaud
Geneva, Switzerland

For: WATCHES AND PARTS THEREOF, in CLASS
14 (U.S. CL. 27).
First use at least as early as Feb. 25, 1938; in com-
merce at least as early as Feb. 25, 1938.
Owner of Reg. No. 194,881.

Ser. No. 165,727, filed Apr. 10, 1978.

R. PEVERADA, Examiner

REGISTERED FOR A TERM OF 20 YEARS FROM Nov. 7, 1978

COMB. AFF. SEC. 8 & 15

CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION
WHICH IS IN FULL FORCE AND EFFECT, WITH NOTATIONS
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS DIS-
CLOSED BY THE RECORDS OF THE UNITED STATES PATENT
AND TRADEMARK OFFICE.    SAID RECORDS SHOW TITLE
TO BE IN: Rolex Watch, U.S.A., Inc.,
a NY corp.

MAR 20 1989

COMMISSIONER OF PATENTS
AND TRADEMARKS

COMPLAINT EXHIBIT 1J

Int. Cl.: 14

Prior U.S. Cl.: 27

## United States Patent and Trademark Office

Reg. No. 1,124,008
Registered Aug. 14, 1979

## TRADEMARK
Principal Register

# OYSTERQUARTZ

Montres Rolex S.A. (Swiss corporation)
3, Rue Francois Dussaud
1211 Geneva 24, Switzerland

For: WATCHES AND PARTS THEREOF, in CLASS 14 (U.S. CL. 27)

First use at least as early as August 1977; in commerce at least as early as ... ust 1977.

Owner of U.S. Reg. Nos. 239,163 and 394,181.

Ser. No. 182,085, filed Oct. 4, 1978.

D. C. REINNER, Examiner

REGISTERED FOR A TERM OF 20 YEARS FROM Aug. 14, 1979

COMB. AFF. SEC 3 & 15

CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION WHICH IS IN FULL FORCE AND EFFECT, WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON, AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE. SAID RECORDS SHOW TITLE TO BE IN: Rolex Watch, U.S.A., Inc.
a N.Y. corp.

MAR 30 1988

COMMISSIONER OF PATENTS
AND TRADEMARKS

— COMPLAINT EXHIBIT 1K —

RE... ...ED

Registered Mar. 6, 1928.

PUBLISHED

Trade-Mark 239,383

SEP 2 · 1958

AFFIDAVIT SEC. 8
ACCEPTED

SECOND RENEWAL

Under Sec. 12 (c) 1946 Act

AFFIDAVIT SEC. 15
RECEIVED

# UNITED STATES PATENT OFFICE.

HANS WILSDORF, OF BIENNE, SWITZERLAND.

ACT OF FEBRUARY 20, 1905.

Application filed October 7, 1927. Serial No. 255,752.

# OYSTER

## STATEMENT.

*To the Commissioner of Patents:*

Hans Wilsdorf, a subject of the King of Great Britain, residing at #2 Chemin du Haut, Bienne, Switzerland, and doing business at #2 Chemin du Haut, Bienne, Switzerland, has adopted and used the trade-mark shown in the accompanying drawing, for WATCHES, MOVEMENTS, CASES, DIALS, AND OTHER PARTS OF WATCHES, in Class 27, Horological instruments, and presents herewith five specimens showing the trade-mark as actually used by applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with the act of February 20, 1905, as amended. The trade-mark has been continuously used and applied to said goods in applicant's business since July, 1925.

The trade-mark is usually applied or affixed to the goods, or to the packages containing the same, by means of labels having the mark printed thereon, or by impressing the mark directly upon the goods.

Said trade-mark has been registered in Switzerland, No. 62,547, dated 29th July 1925, on an application filed July 29, 1925.

Messrs. Ruege, Boyce & Bakelar, whose postal address is 261 Broadway, New York, N. Y., are designated, on whom process or notice of proceedings affecting the right to ownership of said trade-mark brought under the laws of the United States may be served.

The undersigned hereby appoints Messrs. Ruege, Boyce & Bakelar, (a firm composed of John H. Ruege, Francis E. Boyce and Walter L. Bakelar) 261 Broadway, New York, N. Y., its attorneys, with full powers of substitution and revocation, to prosecute this application for registration, to make alterations and amendments therein, to receive the certificate, and to transact all business in the Patent Office connected therewith.

HANS WILSDORF.

Renewed for 2nd time for 20 years from Mar. 6, 1968
1968 Renewal Application PENDING

MAR 29 1968

CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION
WHICH IS IN FULL FORCE AND EFFECT, WITH NOTATIONS
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE. SAID RECORDS SHOW TITLE TO BE IN: Rolex Watch U.S.A., Inc.,
NY cor...

COMMISSIONER OF PATENTS

Int. Cl.: 14

Prior U.S. Cl.: 27 and 28

## United States Patent and Trademark Office

Reg. No. 1,404,838
Registered Aug. 12, 1986

### TRADEMARK
### PRINCIPAL REGISTER



MONTRES TUDOR S.A. (SWITZERLAND COR-
PORATION)
3, RUE FRANCOIS-DUSSAUD
GENEVA, SWITZERLAND

FOR: CLOCKS, WATCHES AND PARTS
THEREOF, AND JEWELRY, IN CLASS 14 (U.S.
CLS. 27 AND 28).
OWNER OF SWITZERLAND REG. NO.
310171, DATED 5-14-1981, EXPIRES 3-28-2000.
OWNER OF U.S. REG. NO. 1,002,030.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "GENEVE", APART FROM
THE MARK AS SHOWN.

THE TERM "GENEVE" TRANSLATES INTO
ENGLISH AS "GENEVA".

SER. NO. 547,346, FILED 7-15-1985.

ROBERT PEVERADA, EXAMINING ATTOR-
NEY

REGISTERED FOR A TERM OF 20 YEARS FROM Aug. 12, 1986



COMPLAINT EXHIBIT 1M

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS

Rolex Watch U.S.A., Inc.

### DEFENDANTS

Various John Does Nos. 1-300 and XYZ Companies Nos. 1-20

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Stephen R. Smith, Esq. and Ivan J. Snyder, Esq.
Powell Goldstein LLP
901 New York Avenue, N.W., Third Floor
Washington, DC 20001

CASE NUMBER   1:07CV00272

JUDGE: Royce C. Lamberth

DECK TYPE: TRO/Preliminary Injunctio

DATE STAMP: 02/06/2007

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZ...
FOR PLAIN...

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

- ○ **A. Antitrust**
  - ☐ 410 Antitrust

- ○ **B. Personal Injury/Malpractice**
  - ☐ 310 Airplane
  - ☐ 315 Airplane Product Liability
  - ☐ 320 Assault, Libel & Slander
  - ☐ 330 Federal Employers Liability
  - ☐ 340 Marine
  - ☐ 345 Marine Product Liability
  - ☐ 350 Motor Vehicle
  - ☐ 355 Motor Vehicle Product Liability
  - ☐ 360 Other Personal Injury
  - ☐ 362 Medical Malpractice
  - ☐ 365 Product Liability
  - ☐ 368 Asbestos Product Liability

- ○ **C. Administrative Agency Review**
  - ☐ 151 Medicare Act

  **Social Security:**
  - ☐ 861 HIA ((1395ff)
  - ☐ 862 Black Lung (923)
  - ☐ 863 DIWC/DIWW (405(g)
  - ☐ 864 SSID Title XVI
  - ☐ 865 RSI (405(g)

  **Other Statutes**
  - ☐ 891 Agricultural Acts
  - ☐ 892 Economic Stabilization Act
  - ☐ 893 Environmental Matters
  - ☐ 894 Energy Allocation Act
  - ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

- ● **D. Temporary Restraining Order/Preliminary Injunction**

  Any nature of suit from any category may be selected for this category of case assignment.

  *(If Antitrust, then A governs)*

---

- ○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☑ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff files this claim under 15 U.S.C. 1051, et seq. for trademark infringement and counterfeiting.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ [_____]   Check YES only if demanded in compl.   JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

Rolex Watch U.S.A., Inc. v. Various John Does and XYZ Companies; CA No. 04-0046 (RCL)

DATE  2/2/07    SIGNATURE OF ATTORNEY OF RECORD   *Stephen R. Smith* /FJS

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.