UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROLEX WATCH U.S.A., INC. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VARIOUS JOHN DOES NOS. 1-300, )<br>and XYZ COMPANIES NOS. 1-20, )<br>)<br>Defendants. ) | Case No.:  07-0272 (RCL) |

### ERRATA

Plaintiff, Rolex Watch U.S.A., Inc. ("Rolex"), by and through undersigned counsel hereby files this Errata and Exhibits thereto. On August 8, 2007, Plaintiff filed a Notice of Filing, which included a proposed Preliminary Injunction Order. Inadvertently, the pleadings that were attached to the filings were those in a companion case, <u>Oakley, Inc. v. Various John Does, et al.</u>, Case No. 07-0275 (RCL), not those prepared for the instant case. As such, Plaintiff hereby attaches a corrected filing that accurately reflects the pleading that should have been attached to its filing of August 8, 2007.

Respectfully submitted,

/s/ Ivan J. Snyder
Stephen R. Smith
D.C. Bar No. 453719
Ivan J. Snyder
D.C. Bar No. 498461
POWELL GOLDSTEIN LLP
901 New York Avenue, N.W.
Third Floor
Washington, D.C. 20001
202-347-0066
202-624-7222 (Facsimile)

          ATTORNEYS FOR PLAINTIFF
          ROLEX WATCH U.S.A., INC.
          ATTORNEYS FOR PLAINTIFF
          OAKLEY, INC.

OF COUNSEL:

Brian W. Brokate, Esquire
Angelo E. P. Mazza, Esquire
GIBNEY, ANTHONY & FLAHERTY
665 Fifth Avenue
New York, New York
212-688-5151
212-688-8315 (Facsimile)


Dated:   August 8, 2007

::ODMA\PCDOCS\WSH\429703\1

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROLEX WATCH U.S.A., INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No.: 07-0272 (RCL)<br>) |
| VARIOUS JOHN DOES NOS. 1-300, and XYZ COMPANIES NOS. 1-20, | )<br>)<br>) |
| Defendants. | )<br>) |

NOTICE OF FILING

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex") hereby asks this Court to please take notice of the filing of its Preliminary Injunction Order which is attached hereto as Exhibit A. Rolex respectfully requests that the Court issue this Order at the hearing scheduled for August 9, 2007 at 5 p.m.

Respectfully submitted,

POWELL GOLDSTEIN LLP

/s/ Stephen R. Smith
Stephen R. Smith
D.C. Bar No. 453719
Ivan J. Snyder
D.C. Bar No. 498461
901 New York Avenue, N.W.
Third Floor
Washington, D.C. 20001
202/347-0066
202/624-7222 (facsimile)

ATTORNEYS FOR PLAINTIFF
ROLEX WATCH U.S.A., INC.

OF COUNSEL:

Brian W. Brokate, Esquire
Angelo E. P. Mazza, Esquire
GIBNEY, ANTHONY & FLAHERTY
665 Fifth Avenue
New York, NY  10022
212-688-5151
212-688-8315 (facsimile)

Dated:   August 8, 2007

::ODMA\PCDOCS\WSH\428933\1

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ROLEX WATCH U.S.A., INC.   )
                           )
    Plaintiff,             )
                           )
vs.                        )   Case No.: 07-0272 (RCL)
                           )
VARIOUS JOHN DOES NOS. 1-300,  )
and XYZ COMPANIES NOS. 1-20,   )
                           )
    Defendants.            )
                           )

PRELIMINARY INJUNCTION ORDER

This action having been commenced by plaintiff Rolex Watch U.S.A., Inc. ("Rolex") on February 6, 2007 against defendants alleging trademark infringement of plaintiff's trademarks and charging defendants with trademark infringement and unfair competition, and defendants Georgetown Cutting-Edge Gallery, D.C. Styles, Inc. and various John Does having been served on April 19, 2007 and defendant Larry Costello Micheal and various John Does having been served on June 6, 2007, with a Summons, copy of the Complaint, Plaintiff's Ex Parte Motion for a Supplemental Show Cause Order and Seizure Order, and supporting declarations; Supplemental Show Cause Order and Seizure Order signed by Judge Lamberth on March 7, 2007, and accompanying papers; and

It appearing to the Court that it has jurisdiction over the subject matter of this action, over the Plaintiff and over the Defendants; and

The Court having considered the Complaint and the exhibits thereto, the plaintiff's Order to Show Cause and accompanying papers and there being no opposition from Defendants;

NOW, THEREFORE, it is hereby ORDERED as follows that:

(1) Defendants and their respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby restrained and enjoined, pending termination of this action:

(a) from using plaintiff Rolex's trademarks, as shown on US Trademark Registration, including, but not limited to: Rolex's U.S. Trademark Registrations include: Registration No. 101,819 of January 12, 1915 for the ROLEX trademark for watches, watch bracelets and related products; Registration No. 520,309 of January 24, 1950 for the PRESIDENT trademark for watches, watch bracelets and related products; Registration No. 657,756 of January 28, 1958 for the CROWN DEVICE trademark for watches, watch bracelets and related products; Registration No. 674,177 of February 17, 1959 for the DATEJUST trademark for watches, watch bracelets and related products; Registration No. 683,249 of August 11, 1959 for the GMT-MASTER Trademark for watches, watch bracelets and related products; Registration No. 831,652 of July 4, 1967 for the DAYDATE trademark for watches, watch bracelets and related products; Registration No. 860,527 of November 19, 1968 for the SEA DWELLER trademark for watches, watch bracelets and related products; Registration No. 394,881 of May 5, 1942 for the OYSTER PERPETUAL trademark for watches, watch bracelets and related products; Registration No. 1,105,602 of November 7, 1978 for the OYSTER PERPETUAL trademark for watches, watch bracelets and related products; Registration No. 1,124,009 of August 14, 1979 for the OYSTER QUARTZ trademark for watches, watch bracelets and related products; Registration No. 239,383 of March 6, 1928 for the OYSTER trademark for watches, watch bracelets and related products; Registration No. 661,372 of May 6, 1958 for the TUDOR trademark for watches, watch bracelets and related products; Registration No. 1,404,838 of August 12, 1986 for the TUDOR GENEVE LE ROYER for watches, watch bracelets and related

products (hereinafter "Plaintiff's Registered Trademarks); or as reproduced below, or any marks similar thereto in connection with the sale of any unauthorized goods or the rendering of any unauthorized services;

(b) From possessing, receiving, manufacturing, distributing, advertising, promoting, returning, offering for sale or otherwise disposing of in any manner, holding for sale or selling any goods, labels, tags, watch faces, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of plaintiff's trademarks;

(c) From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of defendants are sponsored by, authorized by, or in any way associated with the plaintiff;

(d) From infringing Plaintiff's Registered Trademarks;

(e) From otherwise unfairly competing with plaintiff;

(f) From falsely representing themselves as being connected with plaintiff or sponsored by or associated with plaintiff;

(g) From using any reproduction, counterfeit, copy, or colorable imitation of the trademarks of plaintiff in connection with the publicity, promotion, sale, or advertising of goods sold by defendants including, without limitation, watches and watch bracelets bearing a copy or colorable imitation of plaintiff's trademarks;

(h) From affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of plaintiff and from offering such goods in commerce;

   (i) From using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by plaintiff; and

   (j) From destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing the plaintiff's trademarks.

 (2) Defendants, their officers, agents, servants, employees and attorneys and all persons in active concert or participation with them are hereby enjoined, pending the final hearing and determination of this action, from transferring, discarding, destroying or otherwise disposing of the following in the possession, custody or control of the Defendants:

   (a) All merchandise bearing any copy or counterfeit of the ROLEX, PRESIDENT, DATEJUST, GMT-MASTER, DAYDATE, SEA DWELLER, TUDOR, OYSTER PERPETUAL, OYSTER QUARTZ, OYSTER, TUDOR GENEVE LE ROYER or CROWN DEVICE trademarks or any markings substantially indistinguishable therefrom;

   (b) All labels, tags, logos, emblems, watch faces, signs, and other forms of markings, all packaging, wrappers, pouches, containers and receptacles, and all advertisements, catalogs, price lists, guarantees, promotional materials and the like bearing any copy or counterfeit of the plaintiff's trademarks or any markings substantially indistinguishable therefrom, and all plates, molds, dies, tooling, machinery, assembly equipment and other means of making the same; and,

   (c) All books and records showing:

4

    (i) Defendants' manufacture, receipt and sale of merchandise bearing the aforesaid trademarks either by reference to such trademarks or by style or code number or otherwise; and,

    (ii) Defendants' manufacture, receipt and sale of any labels, tags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, guarantees, promotional materials and the like bearing the aforesaid trademarks, either by reference to such trademarks or by style or code number or otherwise.

 (3) This Preliminary Injunction Order is issued without the posting by plaintiff of any additional bond.

 (4) The parties may take immediate and expedited discovery without regard to the time limitations set forth in Rules 30, 33, 34 and 36 of the Federal Rules of Civil Procedure.

 (5) The Seizure Order of March 7, 2007, is hereby confirmed, and the counterfeit goods seized pursuant to the Court's Seizure Order of March 7, 2007, may be destroyed, as provided for in 15 U.S.C. § 1118.

Dated: _____        SO ORDERED:

                 _____
                 ROYCE C. LAMBERTH
                 UNITED STATES DISTRICT JUDGE
                 FOR THE DISTRICT OF COLUMBIA

::ODMA\PCDOCS\WSH\428934\1